United States District Court
Southern District of Texas
**ENTERED**
March 04, 2026
Nathan Ochsner, Clerk

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| MARVIS ODIA, *et al.*, | § | |
| | § | |
| *Plaintiffs*, | § | |
| | § | |
| AGRICULTURAL WORKERS MUTUAL | § | |
| AUTO INSURANCE COMPANY, *et al.*, | § | |
| | § | |
| *Intervenors*, | § | |
| VS. | § | CIVIL ACTION NO. 4:24-cv-467 |
| | § | |
| JAGUAR LAND ROVER NORTH AMERICA, | § | |
| LLC, *et al.*, | § | |
| | § | |
| *Defendants*. | § | |

## ORDER

Before the Court is S&R Operations, Inc. d/b/a ServPro of Town & Country's ("ServPro") Motion for Leave to Intervene. (Doc. No. 23). Defendants responded in opposition, (Doc. No. 25), and the Intervening Insurers joined that response, (Doc. No. 27). ServPro then replied. (Doc. No. 26). For the following reasons, the Court **DENIES** ServPro's Motion for Leave to Intervene.

### I.    BACKGROUND

This is an automative product-liability case arising from a vehicle fire that caused the loss of Plaintiffs' home. (Doc. No. 25 at 3). Plaintiffs allege that their 2023 Range Rover vehicle caught fire while parked in their driveway under the roof overhang of the garage, igniting the home and allegedly causing the loss of the entire home and its contents. (*Id.*). As a result, Plaintiffs filed suit in Texas state district court asserting negligence, breach of implied warranty, and product liability claims against the several Defendants. The underlying facts for each of these claims center around the 2023 Land Rover and whether it caused the fire. (Doc. No. 2-4 (Plaintiffs' State Court Petition)).

Defendant Jaguar Land Rover North America, LLC removed the case to this Court. (Doc. No. 2 at 1). Subsequently, Agricultural Workers Mutual Auto Insurance Company and Redwood Fire and Casualty Insurance Company (Plaintiff's home and vehicle insurance companies) ("Intervening Insurers") moved for leave to intervene, which this Court granted. (Doc. No. 16). Intervening Insurers also brought negligence, product liability, and breach of implied warranty claims against the various Defendants. (Doc. No. 17).

Now, ServPro seeks to intervene in this lawsuit. According to ServPro's proposed Complaint in Intervention, on the day of the fire, the Plaintiffs entered into a contract with ServPro for it to perform cleaning and restoration services at their home which sustained significant damage due to the fire allegedly caused by the 2023 Land Rover. (Doc. No. 23 at 13). ServPro claims that one of the Plaintiffs agreed that the family's insurers were authorized to pay ServPro directly for any portion of the work covered by the Plaintiffs' insurance policies. (*Id.*). ServPro alleges that after it proceeded in good faith to clean up debris in the Plaintiffs' home, Plaintiffs terminated the contract with ServPro, and ultimately, never paid ServPro for any of the services it provided. (*Id.* at 14). ServPro seeks to intervene and bring four causes of action: three causes of action against the Plaintiffs related to payment on the contract, and one cause of action against the Intervening Insurers, alleging ServPro was a third-party beneficiary to the insurance contracts. (*Id.* at 15–17).

## II.     LEGAL STANDARD

Federal Rule of Civil Procedure 24(a) provides that, "[o]n timely motion, the court must permit anyone to intervene" who claims "an interest relating to the property or transaction that is the subject of the action," and is "so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." Fed. R. Civ. P. 24(a). In other words, a proposed intervenor is entitled to

intervene if: (1) the application for intervention is timely; (2) the applicant has an interest relating to the property or transaction which is the subject of the action; (3) the applicant is so situated that the disposition of the action may impair or impede his ability to protect that interest; and (4) the applicant's interest is inadequately represented by the existing parties to the suit. *Guenther v. BP Ret. Accumulation Plan*, 50 F.4th 536, 542 (5th Cir. 2022); *New Orleans Pub. Serv., Inc. v. United Gas Pipe Line Co.*, 732 F.2d 452, 463 (5th Cir. 1984).

Federal Rule of Civil Procedure 24(b) provides a permissive alternative: "On timely motion, the court *may* permit anyone to intervene who . . . is given a conditional right to intervene by a federal statute; or . . . has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b) (emphasis added). "Permissive intervention is 'wholly discretionary' and may be denied even when the requirements of Rule 24(b) are satisfied." *Turner v. Cincinnati Ins. Co.*, 9 F.4th 300, 317 (5th Cir. 2021) (quoting *United Gas Pipe Line Co.*, 732 F.2d at 471–72). The court must "consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights," as well as "whether the intervenors are adequately represented by other parties and whether they are likely to contribute significantly to the development of the underlying factual issues." Fed. R. Civ. P. 24(b)(3); *League of United Latin Am. Citizens, Council No. 4434 v. Clements*, 884 F.2d 185, 189 (5th Cir. 1989).

## III.    ANALYSIS

First, ServPro claims it is entitled to intervention as of right under Rule 24(a), but ServPro cannot demonstrate that it "has an interest relating to the property or transaction which is the subject of the action." *Guenther*, 50 F.4th at 542. The subject of this action is related to the 2023 Land Rover and whether or not a product defect or negligence contributed to the damage Plaintiffs' vehicle and house sustained. The subject of ServPro's claims is its contract with the Plaintiffs,

3

entered into in the aftermath of the fire, and the resulting payment, or lack thereof. Although both claims are related to the house fire, the subject of each action is different. Accordingly, ServPro does not have an interest in the property or transaction which is the subject of this action, so it does not have a right to intervention. *See Transatlantica Commodities Pte Ltd. v. Hanwin Shipping Ltd.*, No. 4:22-CV-1983, 2024 WL 4535472, at *4 (S.D. Tex. Sept. 24, 2024*), report and recommendation adopted*, No. CV H:22-1983, 2024 WL 4535461 (S.D. Tex. Oct. 18, 2024) (citing *Skinner Pile Driving, Inc. v. Atlantic Specialty Ins. Co.*, No. 14-cv-0329, 2015 WL 1469888, at *3 (S.D. Ala. Mar. 21, 2015) (denying intervention where the interest was speculative and contingent upon intervenor succeeding on its own breach of contract claim—separate, unrelated, and independent from the litigation at issue).

Second, ServPro argues that it is entitled to permissive intervention. That argument also ultimately fails for similar reasons. There is no common question of law or fact regarding ServPro's alleged contract payment dispute and Plaintiffs and Intervening Insurers' product-related claims. ServPro's claims involve issues as to its contract with Plaintiffs, what work was performed under that contract, and whether Plaintiffs paid for the work. Whereas, in the present product liability suit, the issues center around science and engineering applied to the product, causation, and damages.

Furthermore, the only common fact between ServPro's claims and the product suit is that they both exist because of Plaintiffs' house fire. Nevertheless, there is no question that the fire occurred or that it damaged Plaintiff's house. ServPro's claims do not share a common question of law or fact for resolution, so it is not entitled to permissive joinder. *See Ortiz v. A.N.P., Inc.*, No. 10-CV-917, 2010 WL 3702595, at *6 (S.D. Tex. Sept. 15, 2010) (declining to find permissive joinder where there were no questions of fact common to both sets of claims at issue).

## IV.    CONCLUSION

For the foregoing reasons, ServPro's Motion for Leave to Intervene (Doc. No. 23) is

**DENIED.**

It is so ordered.

Signed on this the _____ day of March, 2026.

Andrew S. Hanen
United States District Judge

5